Case 2:20-cv-00136 Document 10 Filed on 06/16/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE ANGEL RIVERA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00136 |
| § | |
| TEXAS BOARD OF PARDONS & § | |
| PAROLES, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jose Angel Rivera is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On May 18, 2020, Rivera filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1, 4). Rivera contends that his 65-year sentence ceased to operate after 30 years when he became eligible for parole. For the reasons discussed further below, it is recommended that Rivera's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached memorandum that Rivera is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

I.  **DISCUSSION**

In his petition and attached memorandum of law, Rivera contends that, liberally construed, he is entitled to release under a combination of the Texas parole laws and mandatory supervision program and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 6-7; D.E. 4 at 1-6). Although his argument is somewhat hard to follow, he focuses on the following points of Texas law. Rivera contends that the one-half rule in the Texas parole laws[2] rendered his 65-year sentence for murder into one 30-year sentence to be served in prison and a separate 35-year sentence to be served on parole. (D.E. 4 at 1-4). Rivera contends that his combined calendar time served and earned good-time credits now exceed 30 years and that his sentence of imprisonment has ceased to operate. (*Id.* at 2-3). Further, although Rivera recognizes that parole is discretionary, he contends that the Texas mandatory supervision program was an *ex post facto* law that retroactively lengthened his sentence beyond 30 years. (*Id.* at 4). Rivera concedes that, due to the nature of his conviction, he is ineligible for mandatory supervision, but contends that a parole panel was required to make a finding under Tex. Gov't Code § 508.149(b) before 30 years of combined flat-time and good-time elapsed. (*Id.* at 4-6). Because no such finding was made, Rivera contends he is entitled to be released immediately. (*Id.* at 5-6).

Rivera's argument is founded on several incorrect assumptions about the Texas parole and mandatory supervision laws. First, Rivera centers his argument on the presumption that the Texas parole statutes rendered his 65-year sentence into one 30-year

---

[2] Tex. Gov't Code § 508.145(d)(2).

sentence to be served in prison and a separate 35-year sentence to be served on parole. (D.E. 4 at 2, 4). However, as belied by his later acknowledgment that parole is discretionary, Texas offenders are not entitled to parole, and the parole statutes do not operate the way Rivera contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because Rivera had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not have split his 65-year sentence in two, with 35 years guaranteed to be served on parole. *See Greenholtz*, 442 U.S. at 7.

Through his concession that parole is discretionary, Rivera acknowledges that he does not have an expectation of parole, but at this point pivots his argument to the mandatory supervision program. In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[3] Prisoners earn good time credits that are added to their actual days served in prison to calculate

---

[3] Currently located at Tex. Gov't Code § 508.001(5).

their release date. Tex. Gov't Code § 508.147. The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-958.[4] However, prisoners who commit certain offenses are excluded from eligibility for mandatory supervision. *See* Tex. Gov't Code § 508.149(a) (listing offenses that render an inmate ineligible for release to mandatory supervision). Murder, in violation of Tex. Penal Code § 19.02, is an excluded offense. *Id.* § 508.149(a)(2).

Rivera concedes that he is ineligible for mandatory supervision. (D.E. 4 at 4). This concession is correct, as his conviction for murder disqualifies him from mandatory supervision under Tex. Gov't Code § 508.149(a)(2).[5] Instead, Rivera argues that a parole panel was required to make a finding under § 508.149(b). (D.E. 4 at 4-6). However, that section applies to inmates who otherwise would be eligible for mandatory supervision, but who a parole panel determines should not be released for some other reason. *See* Tex. Gov't Code § 508.149(b). This does not apply to Rivera, who is ineligible for mandatory supervision by nature of his conviction under § 508.149(a). Rivera also cites § 508.1411, which requires a parole panel to provide a written explanation any time it

---

[4] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended. *See Malchi*, 211 F.3d at 958. The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well. *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

[5] Rivera previously filed a 28 U.S.C. § 2254 petition in this district that further discusses his state conviction. *See* S.D. Tex. Case No. 7:11-cv-00038, D.E. 8 (Report and Recommendation recommending dismissal of the petition).

4

denies release on parole or mandatory supervision. *See* Tex. Gov't Code § 508.1411. Nonetheless, because Rivera is not entitled to mandatory release, he does not have a liberty interest in being released and does not have a federal constitutional claim cognizable under § 2241. *See* 28 U.S.C. § 2241(c)(3).

Finally, to the extent that Rivera contends that the mandatory supervision program is an *ex post facto* law that lengthened his sentence after it was imposed, that is not the case. As Rivera acknowledges, the state court sentenced him to 65 years' imprisonment. (*See* D.E. 4 at 1-2). That is the length his sentence remains, and the TDCJ estimates a release date of March 18, 2066.[6] Rivera has no constitutional right to be released before the end of his 65-year sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3).

## II.   RECOMMENDATION

Accordingly, it is recommended that Rivera's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached memorandum that Rivera is not entitled to relief.

Respectfully submitted this 16th day of June, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[6] Offender release date information, along with parole eligibility information, is available from the TDCJ website by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).